William Rogers and Ann, his wife,        *Appellants,*

*against*

Bertram Cruger, and others,        *Respondents.*

Where, on a petition of appeal, the appellant omitted to state the *reasons* in the appeal, and the respondent *answered* the petition ; it was held, that he was too late, afterwards, to object to any defects in the petition, in matters of form.

A MOTION having been made to bring this cause on to be heard, *Pendleton,* for the respondents, objected, that the petition of appeal was not in conformity to the rule of the court. By the *ninth* rule, it is ordered, that the petitions of appeal, instead of reciting the pleadings at large, shall only recite the decree, or such part of it as is appealed from, and shall set forth *the reasons* of such appeal, and refer to the pleadings and exhibits, filed with the clerk. In the present case, the whole proceedings are set forth, but the *reasons* of the appeal are not stated. The appellants merely state, that they are advised that the decree and the subsequent orders, are erroneous.

Again, *William Heyward,* and his wife, though not mentioned in the petition, are made parties in the printed case delivered to the court.

*Benson* and *Harison,* contra. That all the proceedings are inserted in the petition, can be no reason for quashing the appeal, though it may affect the costs. Where a female defendant is married, her husband may be added without a bill of revivor.* The intermarriage of *Sarah Cruger* with *William Heyward,* was stated by the respondents, in their petition for a rehearing. But the respondents have answered, and put the cause at issue in this court ; and it has been set down for a hearing, by consent. It is, therefore, too late, now, to make this objection. Still, it is optional with the party to state his reasons, or not. The rule was intended for his benefit ; and was never before urged as a ground for quashing the appeal. There are numerous precedents, in this court, where the appellant, after setting forth the proceedings, merely states that they were erroneous, without specially assigning the reasons.

* *Wyatt,* 2. 4 *Vin.* 142. sect. 2. 2 *Eq. Cas. Abr.* 1. 1 *Vez.* 182. *Mitford,* 55, 56. 1 *Har. Ch. Pr.* 128.

T. A. *Emmet*, in reply, observed, that this was a motion, to set aside the appeal, for irregularity; that this was a case of infants, who can waive no right, and might, in any stage of the cause, object to matters of form.

*Per Curiam.* The petition of appeal is in the nature of a declaration; and the respondents having answered, have thereby admitted the petition to be competent, and have waived all objections to matters of mere form. The present objection should have been made on filing the petition, and before the respondents had answered. The application is now too late. It is contrary to the course of practice in all courts, to allow of objections to matters of form, after an issue is joined on the merits of the cause.

The motion must be denied; and the argument of the cause proceed on the merits of the appeal.

Motion denied.(a)

(a) The cause was, afterwards, argued on the merits of the appeal; and the report of the case will be found in the next volume.